**Brian Tracey HILL, Plaintiff–Appellant,**

v.

**Lester MOORE, Alameda County Sheriff Deputy;  et al., Defendants–Appellees.**

**No. 00–16056.**
**D.C. No. CV 98–01108 SI.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 20, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

California state prisoner Brian Tracey Hill appeals pro se the district court's summary judgment in favor of appellees Alameda County Sheriff Deputies Moore, Hesselein, Tolero, White and Doe defendant Sargent of the Third Watch in Hill's 42 U.S.C. § 1983 action alleging that the officers used excessive force during a physical altercation.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

On November 17, 1997, a physical altercation occurred between Hill and Alameda County Sheriff's Deputies.  This incident is the factual basis for Hill's § 1983 action.  The district court granted summary judgment in favor of the *defendants* after find-

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ing that as a result of the altercation Hill was convicted of battery. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that a state prisoner's claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated).

Our examination of the record, however, reveals that Hill's battery conviction relates to Deputy Moore only. Accordingly, *Heck* does not bar Hill's civil rights action against the other defendants.[1]

AFFIRMED in part, VACATED, in part, and REMANDED for further proceedings consistent with this disposition. Each party to bear its own costs.

---

**1.** In light of our decision, we do not reach the merits of Hill's remaining contentions on appeal.

